IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ED L. HARVEY,

    Petitioner,

v.                                  Case No. 3:09-cv-1244

WEST VIRGINIA PAROLE BOARD
WEST VIRGINIA DEPARTMENT
OF CORRECTIONS,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is the initial screening of petitioner's Petition and Amended Petition for Writ of Habeas Corpus by a Person in State Custody (Docket Nos. 1 and 8); Petitioner's Application to Proceed without Prepayment of Fees and Costs (Docket No. 7); Petitioner's Motion to order respondents to answer the Petition (Docket No. 15); and Petitioner's Motion to amend the Petition for Writ of Habeas Corpus (Docket No. 20). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge and, by Standing Order, has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.**    **Relevant Facts**

In 1993, petitioner pled guilty in the Circuit Court of Cabell County, West Virginia to obtaining money/property by false pretenses. He was sentenced to one to ten years of incarceration. The sentence was suspended, and petitioner was placed on one year of

probation. (Docket No. 21 at 15). Before expiration of the year, a petition was filed seeking revocation of probation, and petitioner was arrested pursuant to this petition in 1996. He was released on bond, and when he failed to appear for the revocation hearing, an order for his arrest was issued. *(Id.).*

On August 5, 2002, petitioner pled guilty in Lawrence County, Ohio to possession of crack cocaine, a fourth degree felony. (Docket 21 at 10-14). He was sentenced to sixty days in jail with four years of Community Controlled Sanctions under Intensive Supervised Probation. He was given credit by the Ohio Court for sixty days of time served (5/1/02-7/1/02) in the Lawrence County Jail and was released under the conditions of his probation. (*Id.*).

On July 13, 2004, petitioner was arrested on the outstanding 1996 Cabell County warrant. (*Id* at 15). This arrest constituted a violation of his probation in Ohio, so Ohio sought a revocation of petitioner's probation. (*Id.* at 2*).* Ultimately, Cabell County Circuit Court Judge Dan O'Hanlon entered an Order revoking petitioner's probation and reimposing the original one to ten year sentence for obtaining money/property by false pretenses with credit for 93 days served in pre-sentence detention. (*Id. a*t 15). This sentence was to run concurrently with the sentence imposed by Ohio as a result of petitioner's probation revocation in that State. (*Id.*)*.* With the agreement of Ohio, petitioner was incarcerated at Saint Mary's Correctional Center in St. Mary's, West Virginia (Docket No. 21 at 19).

On August 9, 2005, petitioner was paroled to Laurelwood, a substance abuse treatment center in Huntington. (*Id.*) He left the facility without permission on November 14, 2005, and in January 2006, was again arrested in Lawrence County, Ohio for possession of cocaine, a fourth degree felony. He was arraigned and released on

bond. (*Id.*) On March 30, 2006, the West Virginia Parole Services filed a request for petitioner's arrest for failing to complete his treatment at Laurelwood and for other parole violations. (*Id.*) The request was granted, and petitioner was arrested on April 5, 2006 and sent to the Western Regional Jail. (*Id.* at 22). His parole in West Virginia was reinstated on June 8, 2006, and, upon release, petitioner was promptly convicted in Ohio on the outstanding fourth degree possession charge. Based upon the Ohio conviction, petitioner's parole was once again revoked in West Virginia, and he was returned to a correctional facility within the State. (*Id.* at 22).

On May 29, 2010, petitioner was discharged from the State of West Virginia Division of Corrections by expiration of his sentence. (*Id.* at 45). He currently resides in Lawrence County, Ohio.

## II. <u>Procedural History</u>

On November 19, 2009, petitioner filed a Petition for Relief from a Conviction or Sentence by a Person in State Custody pursuant to 28 U.S.C. § 2254, naming the Cabell County Court System and Judge Dan O'Hanlon as respondents. (Docket No. 1). The form of the Petition did not comply with the Rules Governing Section 2254 Cases in the United States District Courts and petitioner had failed to pay the filing fee, so the Clerk of Courts provided petitioner with the appropriate forms and instructions. (Docket No. 4).

On December 23, 2009, petitioner filed an Amended Petition for Writ of Habeas Corpus by a Person in State Custody (Docket No. 8) and an Application to Proceed without Prepayment of Fees or Costs. (Docket No. 9). In the Amended Petition, Judge O'Hanlon and the Cabell County Court System were replaced with the West Virginia Department of Corrections and the West Virginia Parole Board as the named

respondents. Although petitioner did not clearly specify the relief sought, he indicated in the body of the Petition and Amended Petition that his complaint involved an error allegedly made by the respondents in crediting time served against his sentence. (Docket No. 8 at 3). Petitioner claimed that the respondents failed to credit him with four months of time served, because they erroneously documented his return to custody date as August 9, 2006 when it should have been April 5, 2006. (*Id.*)

On March 25, 2010, petitioner moved the Court to order respondents to answer the Petition. (Docket No. 15). He then followed this Motion with two submissions made on May 10, 2010, which included a proposed settlement agreement to the Cabell County Court and a document entitled "Petition." (Docket Nos. 20 and 21). In this pleading, petitioner sought leave to "retract" the portion of his Petition for Habeas Corpus seeking credit for time served between April and August 2006 and asked that the Petition only concern a request for 60 days credit for time spent in the Lawrence County jail pursuant to the Ohio sentence that was to run concurrently with petitioner's 2004 re-sentencing in Cabell County. As relief, petitioner asked "that the 60 days be credited against my discharge date of 5/29/10."

### III. Analysis

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The Court must dismiss the case, or any part of it, if the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

In addition, as a prerequisite to the exercise of judicial authority under Article III, Section 2 of the United States Constitution, the Complaint before the Court must

present an actual case or justiciable controversy. *Preiser v. Newkirk,* 422 U.S. 395 (1975). "A federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Id.* at 401, citing *North Carolina v. Rice,* 404 U.S. 244, 246 (1971). The law is well-settled that "to qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonians for Official English v. Arizona,* 520 U.S. 43, 67 (1997), citing *Preiser v. Newkirk, supra* at 401. "[T]he conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual. . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 694 (4th Cir. 1983). Consequently, an action is moot when the Court, at the time of its decision, is incapable of providing the relief requested by the plaintiff, because the injury (or controversy) no longer exists. See *Arizonians for Official English v. Arizona, supra.*

Regardless of which Petition or Amended Petition is considered in this case, petitioner's prayer for relief is essentially the same; he seeks a reduction of his sentence for time served. However, petitioner "cannot be released from a term of incarceration that [he has] already served." *Cox v. McCarthy,* 829 F.2d 800, 803 (9th Cir. 1987). In view of plaintiff's recent discharge from the Division of Corrections, the Court is incapable of granting the relief requested by petitioner. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Therefore, this civil action is moot.

In the present case, petitioner cannot avoid mootness by arguing the "capable of repetition, yet evading review" doctrine. *Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515 (1911). Under this doctrine, a claim that would otherwise be moot may be subject to judicial review if the facts of the case lead to a reasonable expectation that the "same complaining party would be subjected to the same action again." *Lane v. Williams,* 455 U.S. 624, 634 (1982), citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975). In this case, petitioner cannot be subjected to the same errors in crediting his time served, because he has completed his sentence and been discharged from the Division of Corrections.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that petitioner's cause of action fails to present a justiciable controversy or a reasonable expectation of repetition that would bring it within the judicial authority of the Court. Accordingly, the claim is moot and should be dismissed.

## IV. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. Petitioner's Petition and Amended Petition for Writ of Habeas Corpus by a Person in State Custody (Docket Nos. 1 and 8) be **DISMISSED** with prejudice, as moot, pursuant to the screening provisions of 28 U.S.C. § 1915;

2. Petitioner's Application to Proceed Without Prepayment of Fees or Costs (Docket No. 7) be **DENIED** pursuant to 28 U.S.C. §1915(e)(2)(B);

3. Plaintiff's remaining Motions (Docket Nos. 15 and 20) be **DENIED** as moot**.**

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the petitioner, the respondents, and any counsel of record.

**FILED:** October 21, 2010.

_____
Cheryl A. Eifert
United States Magistrate Judge